**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: July 5 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-33448 |
| | ) | |
| Affordable Med Scrubs, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DISAPPROVING DISCLOSURE STATEMENT

This matter came before the court for hearing on approval of the First Amended Disclosure Statement [Doc. # 223] in support of a Chapter 11 liquidation plan filed by secured creditor FirstMerit Bank, N.A. ("FirstMerit"), and objections filed by Debtor [Doc. # 225], by the United States Trustee ("UST") [Doc. # 223], and by creditors Small Business Term Loans, Inc./Business Financial Services, Inc. ("BFS") [Doc. # 227] and Rizhao Feng Yuan Textile Co., Ltd. and FirstCare Solutions Limited [Doc. #228]. Representatives of Debtor, its financial advisor, and Debtor's counsel, and a representative of FirstMerit and FirstMerit's counsel all appeared in person. Counsel for the UST and for BFS appeared by telephone. At the conclusion of the hearing, the court granted FirstMerit leave to file, and FirstMerit did file, a Second Amended Disclosure Statement to address the parties' objections and a chart showing where specific objections are addressed in that Disclosure Statement. [Doc. # 234 & 235]. Some of the objections raised by the parties are resolved in the Second Amended Disclosure Statement ("Disclosure Statement"), and

some raise issues that are confirmation rather than disclosure issues and are more appropriately addressed at a confirmation hearing. Nevertheless, for the reasons discussed below, the court does not approve the Second Amended Disclosure Statement ("Disclosure Statement") as containing adequate information as contemplated under 11 U.S.C. § 1125(a).

The primary purpose of a § 1125 disclosure statement is to provide adequate information to the holders of claims or interests in soliciting their acceptance or rejection of a proposed plan. "Adequate information" for purposes of a plan's disclosure statement means "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." *Enron Corp. v. The New Power Co. (In re The New Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006); 11 U.S.C. § 1125(a)(1). The information included in FirstMerit's Disclosure Statement does not meet this standard.

The Disclosure Statement explains that, under the proposed liquidation plan ("Plan"), all of the assets of the bankruptcy estate will vest in and be transferred to a Liquidating Trust that will be administered by a Liquidating Trustee. It states that the Liquidating Trustee will liquidate the assets "in coordination with FirstMerit" and the Liquidating Trust Oversight Committee ("Oversight Committee"), and will, among other things, resolve any disputed claims, prosecute causes of action belonging to the bankruptcy estate, and make distributions in accordance with the Plan. [Doc. # 234, pp. iii - iv]. Although the Disclosure Statement states that FirstMerit has selected Vito Mitria of Ascot Valley Asset Inspection to be the Liquidating Trustee, it provides no information regarding his credentials or his relationship with FirstMerit. The Disclosure Statement also explains that the Oversight Committee, "which shall have the responsibilities set forth in the Liquidating Trust Agreement," will have three members, including "one or more representatives of FirstMerit" and two others that FirstMerit will choose and identify in a Plan supplement prior to a hearing on confirmation. [*Id.* at 23].

This disclosure is inadequate. The Plan provides the Liquidating Trustee with broad powers that directly impact the possibility of nonpriority unsecured creditors and secured creditors other than FirstMerit receiving any distribution under its terms, including the authority to decide whether to pursue or not to pursue causes of action held by Debtor and to determine the method of liquidating Debtor's assets. In exercising such authority, the Liquidating Trustee is required to consult with FirstMerit and the Oversight Committee. A hypothetical investor cannot make an informed judgment as to whether his interests would

be better served by a liquidation conducted by a Chapter 7 trustee and overseen by the court rather than being conducted by the Liquidating Trustee in consultation with FirstMerit and the Oversight Committee, which is the question an investor would want to answer in assessing the merits of a liquidation plan, without information regarding the Liquidating Trustee's experience and credentials and his relationship with FirstMerit. Information regarding his relationship with FirstMerit, or lack thereof, is particularly important in determining the Liquidating Trustee's disinterestedness given the fact of the potential avoidance action discussed below against FirstMerit. An informed decision would likewise require information that the Disclosure Statement fails to provide regarding who the members of the Oversight Committee will be and what its responsibilities will be. The Disclosure Statement simply states that the Oversight Committee will have the responsibilities set forth in the Liquidating Trust Agreement, which is attached to neither the Disclosure Statement nor the Plan but which the Disclosure Statement states will control in the event of a any conflict between it and the Plan. Providing the information regarding the Oversight Committee and a form of the Liquidating Trust Agreement in a plan supplement before a hearing on confirmation as contemplated in the Disclosure Statement is inadequate.

FirstMerit's disclosure regarding Debtor's potential causes of action is also inadequate. Page 9 of the Disclosure Statement lists the names of parties against whom Debtor has advised certain causes of action may exist, including avoidance claims with respect to transfers that occurred within ninety days before this case was commenced. The potential avoidance claims disclosed include a claim against FirstMerit. However, no description of the claim is provided in connection with that listing except to state that FirstMerit does not believe that Debtor has any causes of action against it. Debtor asserts that $300,000 was set off by FirstMerit within the ninety-day pre-petition period and was applied to an unsecured credit card debt. The only reference to this cause of action is found several pages later under the heading "Other Developments in the Chapter 11 Case" and in the context of a discussion regarding the motion filed by Debtor to appoint an examiner to investigate that claim. While the Disclosure Statement then correctly states that the court denied the examiner motion, the court did not rule on the merits of the potential cause of action and finds the placement of its description in this context rather than in the discussion of potential causes of action that the Liquidating Trustee may prosecute to be misleading. The Disclosure Statement also does not inform creditors that avoidance claims are not the subject of any security interest or lien and, to the extent recovery is obtained, funds may be available for distribution to unsecured creditors. Given that FirstMerit has chosen the Liquidating Trustee who will be evaluating the benefit of pursuing such claims

3

and given its role in advising him and overseeing the Liquidating Trustee's duties, that Debtor has asserted the existence of a significant potential avoidance claim against FirstMerit is information necessary to enable a hypothetical investor to make an informed decision regarding the Plan, and should be clearly and properly set forth in the Disclosure Statement.

The Disclosure Statement states that the Liquidating Trustee will receive as compensation a flat fee in the range of $45,000 to $90,000. As the proposed Liquidating Trustee will be paid a flat fee, the court agrees with the UST that his compensation should be established so that creditors may more accurately determine the benefit of the Plan versus a Chapter 7 liquidation in deciding how to vote on the Plan.

Although Debtor argues that the Disclosure Statement is misleading in that it suggests that general unsecured claimants may receive some form of distribution and that it should state that such claims are presumed to reject the Plan because there will be no distribution to general unsecured creditors, the court disagrees. To the extent that the Liquidating Trustee recovers on causes of action, such as the avoidance actions, which are not subject to any security interest, general unsecured creditors may receive a distribution. Nevertheless, the court finds that the Disclosure Statement does not adequately inform general unsecured creditors of this possibility. Instead it states that they will receive their pro rata share of the "Net Distributable Assets," which, as defined in the proposed Plan, does not include any funds recovered on any causes of action that might be pursued.

Finally, the Disclosure Statement contains incorrect information regarding the authority of the Liquidating Trustee to administer the proposed Plan. For example, it states that the Liquidating Trustee will be "entitled to enjoy all of the rights, powers, immunities and privileges applicable to a chapter 7 trustee," [Doc. # 234, p. 24], that the assets of the bankruptcy estate will remain assets of the estate, notwithstanding that they will be transferred to the Liquidating Trust, [*id.* at 22], and that the Liquidating Trustee shall serve as a representative of the bankruptcy estate for the purpose of, among other things, selling Debtor's assets, [*id.* at 21]. The court is aware of no authority for selectively applying portions of the Bankruptcy Code that FirstMerit finds helpful but that are not otherwise applicable to a Liquidation Trust.

For all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the court **DISAPPROVES** the Second Amended Disclosure Statement filed by FirstMerit Bank, N.A. [Doc. # 234].

###